|   |   |
|---|---|
| 1 | SCOTT COLE & ASSOCIATES, APC |
|   | Scott Edward Cole (SBN 160744) secole@scalaw.com |
| 2 | Clyde H. Charlton (SBN 127541) chcharlton@scalaw.com |
|   | Matthew R. Bainer (SBN 220972) mrbainer@scalaw.com |
| 3 | 1970 Broadway, Suite 950 |
|   | Oakland, CA 94612 |
| 4 | Telephone: (510) 891-9800 |
|   | Facsimile: (510) 891-7030 |
| 5 |   |
|   | Attorneys for Representative Plaintiff |
| 6 | and Purported Class |
| 7 | SEYFARTH SHAW LLP |
|   | Dana L. Peterson (SBN 178499) dpeterson@seyfarth.com |
| 8 | Adrienne E. Nelson (SBN 209305) anelson@seyfarth.com |
|   | 560 Mission Street, Suite 3100 |
| 9 | San Francisco, California 94105 |
|   | Telephone: (415) 397-2823 |
| 10 | Facsimile: (415) 397-8549 |
| 11 | SEYFARTH SHAW LLP |
|   | Kenwood C. Youmans (SBN 68258) kyoumans@seyfarth.com |
| 12 | David D. Kadue (SBN 113578) dkadue@seyfarth.com |
|   | 2029 Century Park East, Suite 3300 |
| 13 | Los Angeles, California 90067-3063 |
|   | (310) 277-7200; fax (310) 201-5219 |
| 14 |   |
|   | Attorneys for Defendant |
| 15 | COSTCO WHOLESALE CORPORATION |

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ELIZABETH ALVARADO, individually, and on behalf of all others similarly situated, | ) Case No. C 06-04015 MJJ |
|---|---|
| Plaintiff, | ) **STIPULATION FOR LEAVE TO FILE** |
|   | ) **FIRST AMENDED COMPLAINT** |
| v. | ) |
| COSTCO WHOLESALE CORPORATION and DOES 1 through 25, inclusive | ) |
| Defendant. | ) |

Plaintiff, Elizabeth Alvarado, and Defendant, Costco Wholesale Corporation, stipulate that Plaintiff may file a First Amended Complaint adding claims for failure to provide meal and rest periods in violation of California Labor Code sections 226.7 and 512.

1

STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT/ Case No. C 06-04015 MJJ

1  Plaintiff agrees to appear for deposition on these added claims no later than July 31, 2007.

The First Amended Complaint attached hereto as Exhibit A will be deemed filed upon the entry of an order in accordance with this stipulation. Defendant is to file a responsive pleading within fifteen days of notice of the filing of the First Amended Complaint.

DATED: May 31, 2007

SCOTT COLE & ASSOCIATES

By _____
Matthew R. Bainer
Attorneys for Representative Plaintiff and Purported Class

DATED: May 24, 2007

SEYFARTH SHAW LLP

By _____
~~Dana L. Peterson~~ David D. Kadue
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

IT IS SO ORDERED:

DATED: ~~May~~ June 1, 2007

_____
United States District Judge

SFI 28283621.1 / 18811-000467

2

STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT/ Case No. C 06-04015 MJJ

# EXHIBIT A

Scott Edward Cole, Esq. (S.B. #160744)
Clyde H. Charlton, Esq. (S.B. #127541)
Matthew R. Bainer, Esq. (S.B. #220972)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIZABETH ALVARADO individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant. | Case No.:  C 06-04015 MJJ <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |

Representative Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is a class action, under Federal Rules of Civil Procedure Rule 23, brought on behalf of Plaintiff and all other persons who are or have been employed in any non-exempt membership warehouse position by defendant Costco Wholesale Corporation (hereinafter "Costco") in any of Costco's membership warehouses within the State of California, at any time after the commencement of the pay period including May 30, 2002 who were required, as a result of security searches or otherwise, to remain at work, under the control of Costco, after completion of these workers' ordinary duties, for which they were not compensated and who, as such, have been denied

1  compensation for all hours worked.

2      2.    The Representative Plaintiff, individually, and on behalf of all other Class Members, seeks unpaid wages, including unpaid overtime compensation and interest thereon, meal and rest period compensation, "waiting time" and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, Labor Code §§ 201- 203, 226, , 226.7, 510 512, 558, 1174 and 1194, and CCP § 1021.5. Representative Plaintiff also seeks penalties pursuant to California Labor Code §§ 2698 and 2699 (the Labor Code Private Attorneys General Act of 2004), as well as injunctive relief and restitution of all benefits Costco has enjoyed from its violations of Business and Professions Code §§ 17200-17208.

10      3.    The "Class Period" is designated as the time from at least the commencement of the pay period including May 30, 2002 through the conclusion of trial on all issues presented in this action, based upon the allegation that Costco's violations of California wage and hour laws, as described more fully below, have been ongoing since at least this date. During the Class Period, Costco has had a consistent policy of (1) requiring its non-exempt membership warehouse employees, including Representative Plaintiff and Class Members, to remain at work, under the control of Costco, after completion of these workers' ordinary duties, without paying those employees' wages (including overtime wages) for all compensable time; (2) requiring its non-exempt membership warehouse employees, including Representative Plaintiff and Class Members, to submit to mandatory security checks of their persons and belongings without paying them regular and/or overtime compensation; (3) willfully failing to pay compensation (including unpaid overtime and/or compensation for working through paid and/or unpaid meal and/or rest periods) owing in a prompt and timely manner to Representative Plaintiff and/or Class Members whose employment with Costco was terminated; and (4) willfully failing to provide Representative Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during the pay period.

26  ////
27  ///
28  ///

## INTRODUCTION

4.  Since its inception, Costco has offered a wide range of merchandise to its members, including food items, appliances, television and media, automotive supplies, toys, hardware, sporting goods, jewelry, watches, cameras, books, housewares, apparel, health and beauty aids, tobacco, furniture, office supplies and office equipment. Representative Plaintiff is informed and believes and, based thereon, alleges that, within the class period, Costco has operated numerous membership warehouses throughout California. In so doing, Costco has employed hundreds, if not thousands, of individuals in recent years alone in California non-exempt membership warehouse positions which were not fully compensated for all labor performed and/or for working through statutorily mandated paid and/or unpaid meal and/or rest periods.

5.  Despite actual knowledge of these facts and legal mandates, Costco has enjoyed an advantage over its competition and a resultant disadvantage to its workers by electing not to compensate its employees for time spent submitting to its security checks and/or waiting, under the control of their employer, after the conclusion of their work shift.

6.  Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Costco knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

7.  Despite Costco's knowledge of the Plaintiff Class' entitlement to full pay for all hours worked and at the State's mandated minimum wage level, Costco failed to provide same to members of the Plaintiff Class, in violation of the California Labor Code, Industrial Welfare Commission Orders and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over Representative Plaintiff's and Class Members' claims under California Labor Code §§ 201-203, 226, 510, 558, 1174, 1194, 1197, 2698 and 2699. pursuant to 28 USC §§ 1332(d)(2)1441 and 1446.

///

Plaintiff's First Amended Complaint For Damages, Injunctive Relief and Restitution

9. This Court also has jurisdiction over Representative Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from defendant Costco's unfair, unlawful and/or fraudulent business practices under Business & Professions Code §§ 17200, *et sequitur*.

10. Venue as to Defendant is proper in this judicial district, pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391. Defendant resides in this district within the meaning of 28 U.S.C. § 1391(b) and (c), and it transacts business, has agents, and otherwise has sufficient contacts within this district to subject it to personal jurisdiction herein. Costco is a corporation, maintaining offices and doing business in this district, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Representative Plaintiff and those similarly situated within the State of California. Defendant Costco employed Representative Plaintiff and numerous Class Members in this district during the class period.

## PLAINTIFFS

11. The Representative Plaintiff is a natural person and was, during the relevant time period identified herein, employed by defendant Costco in a California non-exempt position at one or more of Defendant's California membership warehouses.

12. As used throughout this Complaint, the terms "Plaintiff" and/or "Class" refer to the named Plaintiff herein as well as each and every person eligible for membership in the Plaintiff Class, as further described and defined below.

13. At all times herein relevant, the Representative Plaintiff was and now is a person within the Class of persons further described and defined herein.

14. The Representative Plaintiff brings this action on behalf of herself and as a class action on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein, pursuant to FRCP Rule 23.

///

///

///

# DEFENDANT

15. At all times herein relevant, defendant Costco Wholesale Corporation (hereinafter collectively referred to as "Costco" and/or "Defendant") was and is a corporation and/or other business entity, duly licensed, located and doing business in, but not limited to, in the State of California. Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, the Defendant and/or each person responsible for the acts alleged herein was the agent and/or employee of Costco and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

# CLASS ACTION ALLEGATIONS

16. The Representative Plaintiff brings this action on behalf of herself and as a class action on behalf of all persons similarly situated and proximately damaged by Costco's conduct as set forth herein, including, but not necessarily limited to the following Class:

> All persons employed by Costco Wholesale Corporation in any California non-exempt membership warehouse positions between May 30, 2002 and the present.

17. Defendant, its officers and directors and all Costco employees properly exempted from overtime pay are excluded from the Class.

18. This action has been brought and may properly be maintained as a class action under FRCP Rule 23 because there is a well-defined community of interest in the litigation and the proposed class members are easily ascertainable.

    a. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is well in excess of 1,000 individuals. Membership in the Plaintiff Class will be determined upon analysis of employee and payroll, among other, records maintained by Costco.

    b. <u>Commonality</u>: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

        i. whether defendant Costco violated California law by failing to pay compensation to Costco employees for all time worked;

ii. whether defendant Costco violated California Wage Order(s) and/or Labor Code § 510 by failing to pay overtime compensation to Costco employees who worked in excess of forty hours per week and/or eight hours a day;

iii. whether defendant Costco violated FRCP Rule 226.7 and/or 512 by failing to consistently provide meal and/or rest periods to Representative Plaintiff and the Class Members.

iv. whether defendant Costco violated California Business and Professions Code § 17200 by failing to pay Costco employees for all time worked;

v. whether defendant Costco violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

vi. whether defendant Costco violated California Labor Code §§ 201-203 by failing to pay wages due and owing at the time that Class Members' employment with Defendant terminated;

vii. whether Defendant Costco violated California Labor Code § 226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each, and all applicable hourly rates in effect during the pay period;

viii. whether Representative Plaintiff and Class Members are entitled to "waiting time" penalties/wages pursuant to California Labor Code § 203; and

ix. whether Representative Plaintiff and Class Members are entitled to seek recovery of penalties for the California Labor Code and IWC Wage Order violations alleged herein, pursuant to Labor Code §§ 2698 and 2699 and, if so, for what time period.

c. <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. The Representative Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by defendant Costco's common course of conduct in violation of state and federal law, as alleged herein.

d. <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

///

e. <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of the Class, in that the Representative

Plaintiff's claims are typical of those of the Class and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

19. As described herein, Costco has, for years, knowingly failed to adequately compensate those employees within the class definitions identified above for all wages earned, including premium (overtime and/or compensation for missed meal and/or rest periods) wages, and due under the California Labor Code and the applicable California Wage Order(s), thereby enjoying a significant competitive edge over other membership warehouses and/or retail chains.

20. Even upon termination or resignation of the employment of numerous Class Members, Costco has declined to pay these wages, in blatant violation of California Labor Code §§ 201 and/or 202.

21. Moreover, California Labor Code §§ 201 and 202 require defendant Costco to pay all Class Members all wages due immediately upon discharge. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

///
///
///
///
///
///
///
///

22. Furthermore, despite its knowledge of the Representative Plaintiff's and the Class

Members' entitlement to compensation for all hours worked, Costco violated California Labor Code § 1174[d] by failing to provide or require the use, maintenance or submission of time records by members of the Class. Costco also failed to provide Representative Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Costco has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (the full number of hours worked) and financial impact of its wrongdoing.

23.     Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of their employment with Costco.

24.     More than 30 days have passed since Representative Plaintiff and certain Class Members have left defendant Costco's employ.

25.     As a consequence of defendant Costco's willful conduct in not paying compensation for all hours worked, certain Class Members are entitled to 30 days wages, as a penalty under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

26.     As a direct and proximate result of Costco's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and many Class Members herein are entitled to recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover costs and attorneys' fees, pursuant to 29 U.S.C. § 216(b), California Labor Code § 1194 and/or California Civil Code § 1021.5, among other authorities.

27.     Furthermore, Plaintiff brings this action on behalf of herself and other Class

Members pursuant to California Labor Code §§ 2698 and 2699 and seeks recovery of all civil penalties resulting from the violations alleged herein as follows:

    a.    Where civil penalties are specifically provided in the Labor Code for each of the violations alleged herein, Plaintiff seeks recovery of such penalties; and

    b.    Where civil penalties are not established in the Labor Code for each of the violations alleged herein, Plaintiff seeks recovery of penalties as set forth in Labor Code § 2699.

28. Plaintiff seeks injunctive relief prohibiting Defendant from engaging in the illegal labor acts described herein. Plaintiff also seeks restitution of costs incurred by Plaintiff and Class Members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Plaintiff and members of each of the Class bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to recover costs and attorneys' fees, pursuant to statute.

**FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY WAGES DUE**
**(Violation of California Wage Order(s) and Labor Code)**

29. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

30. During the time period beginning May 30, 2002 and continuing through the present, Representative Plaintiff and the Class Members were employed by and did perform work for Costco, often times in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours will be proven at trial.

31. During said time period, Costco refused to compensate Representative Plaintiff and Class Members for some and/or all of the wages, including overtime wages and compensation for missed meal an/ord rest periods, in violation of the applicable California Wage Order(s) and/or the California Labor Code.

///

32. Moreover, during said time period, many of the Class Members herein were employed

1  by and were thereafter terminated or resigned from their positions with Costco, yet were not paid all
2  wages due upon said termination or within seventy-two (72) hours of said resignation of employment
3  therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal
4  to do so by Defendant.

5  33.  At all relevant times, Defendant was aware of and was under a duty to comply with
6  various provisions of the applicable California Wage Order(s) issued by the Industrial Welfare
7  Commission as well as California Labor Code §§ 201-203, 510, 1198 and 1199.

8  34.  By refusing to compensate Representative Plaintiff and Class Members for all wages
9  earned, Defendant violated those California Labor Code and IWC Wage Order provisions cited
10 herein.

11 35.  As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,
12 Representative Plaintiff and Class Members have sustained damages, including loss of earnings for
13 hours of overtime worked on behalf of Defendant, in an amount to be established at trial. As a
14 further direct and proximate result of Defendant's unlawful conduct, as set forth herein,
15 Representative Plaintiff and Class Members are entitled to recover "waiting time" penalties/wages,
16 in an amount to be established at trial, costs and attorneys' fees, pursuant to statute.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (California Labor Code §§ 226, 1174)

20 36.  Representative Plaintiff incorporates in this cause of action each and every allegation
21 of the preceding paragraphs, with the same force and effect as though fully set forth herein.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 37.  California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

38. Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

39. Finally, California Labor Code § 1174 provides:

> Every person employing labor in this state shall: (d) Keep, at a central location in the state... payroll records showing the hours worked daily by and the wages paid to ... employees .... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

Representative Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section on behalf of herself and the Class Members.

40. Defendant Costco failed to provide timely, accurate itemized wage statements to Representative Plaintiff and the Class Members in accordance with Labor Code § 226(a) and the applicable California Wage Order(s). None of the statements provided by Defendant has accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

///
///
///

**THIRD CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
**(California Business & Professions Code §§ 17200-17208)**

41. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

42. Representative Plaintiff further brings this cause of action on behalf of the general public, seeking equitable and statutory relief to stop the misconduct of Defendant, as complained of herein, and seeking restitution from Defendant through the unfair, unlawful and fraudulent business practices described herein.

43. The knowing conduct of Defendant, as alleged herein, constitutes unlawful, unfair and/or fraudulent business practices, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

44. Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

45. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the Plaintiff Class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512)**

46. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

///

///

47. California Labor Code § 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

48. At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

49. Specifically, California Labor Code § 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

50. Sections 11 and 12, respectively, of IWC Wage Order No. 7 mandate that employers provide all applicable meal and/or rest periods to non-exempt employees.

51. Section 11 of the IWC Wage Order provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes .... (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes .... (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided

///
///
///
///

52. Moreover, Section 12 of the IWC Wage Order provides:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof .... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

53. By failing to consistently provide uninterrupted thirty-minute meal periods and ten-minute rest periods to Class Members, Defendant violated these California Labor Code and IWC Wage Order provisions.

54. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Class Members have sustained damages, including loss of earnings, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Class Members are entitled to recover various penalties, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiff**, on behalf of herself and the proposed **Plaintiff Class**, prays for judgment and the following specific relief against **Defendant**, jointly and separately, as follows:

1. For an Order certifying the proposed Class and/or any other appropriate subclasses under FRCP Rule 23;

2. For a finding that Costco violated the provisions of California Labor Code § 201 and Title 8 California Code of Regulations § 11070(9)(A) as to the Representative Plaintiff and the Plaintiff Class;

3. That the Court declare, adjudge and decree that Costco violated the overtime provisions of the California Labor Code and the applicable Industrial Wage Commission California Wage Order(s) as to the Representative Plaintiff and the Plaintiff Class;

///

1     4.     That the Court declare, adjudge and decree that Costco willfully violated its legal duties under the California Labor Code and the IWC Wage Orders to pay overtime;

    5.     That the Court declare, adjudge and decree that defendant Costco willfully violated its legal duties under the California Labor Code §§226.7 and/or 512 and the IWC Wage Orders to pay wages for missed meal and/or rest periods.

    6.     That the Court declare, adjudge and decree that Costco violated the record keeping provisions of California Labor Code §§ 226(a) and 1174(d) and the relevant Wage Order(s) as to Representative Plaintiff and the Class Members, and for willful failure to provide accurate semimonthly itemized statements thereto;

    7.     That the Court declare, adjudge and decree that Costco violated California Labor Code §§ 201-203 for willful failure to pay all compensation owed at the time of termination of employment to Representative Plaintiff and some Class Members;

    8.     That the Court declare, adjudge and decree that Costco violated California Business and Professions Code § 17200 et. seq. by failing to pay Representative Plaintiff and Class Members overtime compensation, "waiting time" penalties and/or by failing to provide accurate itemized statements;

    9.     That the Court make an award to Representative Plaintiff and Plaintiff Class of damages for the amount of unpaid compensation, including interest thereon, and penalties in an amount to be proven at trial;

    10.     That the Court make an award of penalties to Representative Plaintiff and Class Members as authorized by Labor Code §§ 2698 and 2699 (the Labor Code Private Attorneys General Act of 2004);

    11.     For an Order requiring Costco to pay restitution to Representative Plaintiff and the Plaintiff Class of all profits and gains resulting from defendant Costco's unfair, unlawful and/or fraudulent activities, pursuant to Business and Professions Code §§ 17200-08;

    12.     For an injunction, enjoining defendant Costco to cease and desist from unfair, unlawful and/or fraudulent activities in violation of Business and Professions Code § 17200;

///

13. For punitive/exemplary damages in an amount appropriate and sufficient to punish Defendant, and to deter others from engaging in similar misconduct in the future;

14. For all other Orders, findings, and determinations identified and sought in this Complaint;

15. For interest on the amount of any and all economic losses, at the prevailing legal rate;

16. For reasonable attorneys' fees, pursuant to statute; and

17. For costs of suit and any and all such other relief as the Court deems just and proper.

Dated: May 31, 2007

                    **SCOTT COLE & ASSOCIATES, APC**

By: /s/
Matthew R. Bainer, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class