IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH ALVARADO,

    Plaintiff,                                     No. C 06-04015 JSW

  v.

COSTCO WHOLESALE CORPORATION,         **NOTICE OF TENTATIVE RULING AND QUESTIONS**

    Defendant.
_____/

       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 6, 2008 AT 9:00 A.M.:

       The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

       The Court **tentatively GRANTS** Defendant's motion for summary judgment.

The parties shall each have 15 minutes to address the following questions:

1. The First Amended Complaint states a cause of action for violation of California Business and Professions Code § 17200 by "failing to pay Representative Plaintiff and Class Members overtime compensation, "waiting time" penalties and/or failing to provide accurate itemized statements." (FAC at Relief ¶ 8.)  If the Court finds that Defendant bears no liability for failure to pay overtime, waiting time or failure to provide itemized statements, can Defendant be liable under Section 17200?  Does Defendant move against the third cause of action or can the Court dismiss is sua sponte?

2. Under what theory does Plaintiff maintain that an expert is required to estimate the average amount of time it takes to conduct a visual inspection upon entering or exiting the Costco warehouse?  Why is Plaintiff's own estimate of the time it took her at her place of work not the only piece of relevant evidence in the record?  Does Plaintiff's declaration filed in opposition to the motion (security inspection takes "upwards of 10 minutes") contradict her deposition testimony (security inspection takes "a couple of minutes, maybe.")  (*See* Alvarado Decl. ¶ 26 *contra* Kadue Decl., Ex. A at 215:11-18)? Why should those contradictory portions of her declaration not be stricken under *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991)?

3. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: June 4, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2