United States District Court
For the Northern District of California

1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7
8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9      ELIZABETH ALVARADO,

10          Plaintiff,                          No. C 06-04015 JSW

11      v.

12      COSTCO WHOLESALE CORPORATION,           **ORDER GRANTING
                                                DEFENDANT'S MOTION FOR**
13          Defendant.                          **SUMMARY JUDGMENT**
        _____/

14

15          Now before the Court is the motion for summary judgment filed by Defendant Costco

16      Wholesale Corporation ("Costco").  Having carefully considered the parties' papers and the

17      relevant legal authority, and having had the benefit of oral argument, the Court hereby

18      GRANTS Defendant's motion for summary judgment.

19                              **BACKGROUND**

20          Costco is a membership warehouse club that operates retail establishments.  Plaintiff

21      Elizabeth Alvarado is an hourly employee at the Danville, California warehouse who has

22      worked there for 12 to 20 hours per week as a vault clerk since 1999.  She has taken leaves of

23      absences for medical reasons, including the latest beginning in February 2006 though July 2007.

24      Plaintiff sued Costco while on leave in May 2006, claiming that Costco's security measures

25      have caused delay when exiting her place of employment and demanding wages and/or

26      penalties for uncompensated hours worked, for inadequate meal and rest breaks, and for

27      allegedly inaccurate wage statements.

28

1    Plaintiff originally filed in Alameda County Superior Court on May 30, 2006.  Costco

2    removed to federal court on June 26, 2006 on the basis of diversity jurisdiction.  On January 22,

3    2008, Costco moved for summary judgment or partial summary judgment.

4    The Court will address additional specific facts as required in the analysis.

5                                             **ANALYSIS**

6    **A.      Legal Standard on Motion for Summary Judgment.**

7    A court may grant summary judgment as to all or a part of a party's claims.  Fed. R. Civ.

8    P. 56(a).  Summary judgment is proper when the "pleadings, depositions, answers to

9    interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

10   genuine issue as to any material fact and that the moving party is entitled to judgment as a

11   matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is sufficient evidence

12   for a reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*,

13   477 U.S. 242, 248-49 (1986).  A fact is "material" if the fact may affect the outcome of the case.

14   *Id*. at 248.  "In considering a motion for summary judgment, the court may not weigh the

15   evidence or make credibility determinations, and is required to draw all inferences in a light

16   most favorable to the non-moving party."  *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.

17   1997).

18   A principal purpose of the summary judgment procedure is to identify and dispose of

19   factually unsupported claims.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).  The

20   party moving for summary judgment bears the initial burden of identifying those portions of the

21   pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of

22   material fact.  *Id.* at 323.  Where the moving party will have the burden of proof on an issue at

23   trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for

24   the moving party.  *Id.*  Once the moving party meets this initial burden, the non-moving party

25   must go beyond the pleadings and by its own evidence "set forth specific facts showing that

26   there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The non-moving party must "identify

27   with reasonable particularity the evidence that precludes summary judgment."  *Keenan v. Allan*,

28   91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251

**United States District Court**
For the Northern District of California

2

1   (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a

2   genuine issue of triable fact").  If the non-moving party fails to make this showing, the moving

3   party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.

**B.      Costco is Entitled to Summary Judgment on Claims for Post-Termination
Wage Violations.**

Plaintiff claims that Costco failed to pay her wages upon termination, in violation of

California Labor Code sections 201 and 202, and therefore owes her waiting-time penalties

pursuant to California Labor Code section 203.  Because the admissible evidence before the

Court indicates that Plaintiff's employment was never terminated, Costco is not liable to her for

alleged post-termination wage violations.

In her deposition, Plaintiff admitted that she was still an employee of Costco and that the

company had never terminated her.  (*See* Declaration of David D. Kadue ("Kadue Decl."), Ex.

A (Alvarado Deposition) at 37:13-25; 97:2-15.)  Plaintiff admitted that she did not consider the

complaint's reference to "termination of employment or leaving Costco's employ" to apply to

her.  (*Id.* at 97:17-25, 102:1-16.)  In addition, the record indicates that, even during her medical

leave, Plaintiff received benefits afforded employees and was granted wages for time spent in

meetings to discuss work consistent with her physical limitations.  (*Id.* at 199:15-23, 200:12-20;

Declaration of Tim True ("True Decl.") at ¶ 3.)  In addition, when Plaintiff returned to work in

July 2007, she was treated as a current employee and was not required to complete the new-hire

paperwork.  (Kadue Decl., Ex. A at 199:10-14; True Decl. at ¶ 4.)

It is only in her declaration submitted in conjunction with her opposition to the current

motion that Plaintiff indicates that she actually believed she had been terminated from

employment as a result of taking medical leave.  In her declaration, she claims that she now

believes and always believed that Costco had "constructively ended [her] employment for more

than a year by involuntarily placing [her] on leave, and denying [her] the ability to return to

work or earn wages."  (Declaration of Elizabeth Alvarado ("Alvarado Decl.") at ¶ 22.)

However, there is no claim for constructive discharge in the complaint and no evidence of such

an allegation with the exception of the later-filed declaration.  Because the Court finds the

declaration contradicts her former sworn testimony, the Court will not consider the contrary

United States District Court

For the Northern District of California

declaration statement. *See Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991). In addition, absent a mutual understanding or specified termination date or resignation, there is no indication here that Plaintiff's employment did not continue. Plaintiff's ambiguous claim that she was constructively discharged is equally unpersuasive as her testimony confirms that she did not quit and, as she repeatedly stated that she was willing and even eager to continue employment, she testified that she did not find the circumstances of her employment intolerable. *See Lawson v. Washington*, 296 F.3d 799, 805 (9th Cir. 2002) (holding that "constructive discharge occurs when a person quits [her] job under circumstances in which a reasonable person would feel that the conditions of employment have become intolerable.")

Because the Court does not find that there is any dispute of fact regarding whether Costco terminated Plaintiff, and because Costco may not be held liable for post-termination alleged wage law violations, the Court GRANTS summary judgment as to the claims under California Labor Code sections 201 through 203 from the first cause of action.

C.     **Costco is Entitled to Summary Judgment on Claims for Unpaid Wages Because the Claims Are *De Minimus*.**

Plaintiff claims she is owed compensation and accurate itemized wage statements for time spent submitting to Costco's security checks and/or waiting after the conclusion of her work shift, as well as during rest breaks and meal breaks. However, the Ninth Circuit has held that, at least in cases where there are claims for overtime compensation under the Fair Labor Standards Act, "trifles" such as "only a few seconds or minutes of work beyond the scheduled working hours, ... may be disregarded." *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1983). The court held that although there is no precise amount of time and no rigid rule that can be applied with mathematical certainty, courts may consider a few factors to determine whether compensation is appropriate. One important factor is the amount of daily time spent on the additional work. In this regard, the *Lindow* court cited numerous courts that held that an additional daily period of approximately 10 minutes is considered *de minimus* even though otherwise compensable. *See id.* (citations omitted). Another factor is the "practical administrative difficulty of recording small amounts of time for payroll purposes." *Id.* In addition, the Ninth Circuit indicated that courts should consider the size of the aggregate claim

4

as courts "have granted relief for claims that might have been minimal on a daily basis but, when aggregated, amounted to a substantial claim." *Id*. at 1063 (citations omitted).  Finally, in applying the *de minimus* rule, courts should "consider whether the claimants performed the work on a regular basis." *Id*.

### 1.    Amount of Time.

According to the record before the Court, when an employee's shift ends during business hours, they leave through the same exit as members and are similarly subject to a bag check.  (*See* Kadue Decl., Ex. A at 17-19, 176:20-177:3.)  According to Plaintiff's own testimony, the bag check takes "several seconds."  (*See id*. at 46:4-17.)  People who do not carry bags or who have not purchased merchandise do not have to subject themselves to a security inspection and have no wait at all.  (*See id*. at 217:25-218:9.)  Although there is no requirement that non-shopping members or employees have to wait in line, Plaintiff testified that she regularly waits in line behind exiting members who have made purchases.  (*See id*. at 211:17-212:11; True Decl., ¶ 6.)  At her deposition, Plaintiff testified that the longest delay she experienced in exiting the Costco warehouse during business hours has been "a couple of minutes."  (*See id*. at 215:11-18.)  Also, Plaintiff testified that while a Costco manager was not always present to facilitate an immediate after-hours exit, a key-carrying manager or supervisor was generally visible by the exit door upon closing.  (*See id*. at 148:7-16.)  However, she testified that there were "several" instances, perhaps even upward of 20 times in the nearly ten years she worked at the Danville warehouse, that Plaintiff "had to wait several minutes ... to be let out of the building."  (*See id*. at 34:1-4.)[1]

---

[1] In opposition to the motion for summary judgment, Plaintiff submitted a declaration which, on its face, directly contradicts her sworn testimony.  Her declaration indicates that by "several," she meant "that it happened on a regular basis, time and time again, such that [she] could not begin to estimate the precise number. [She] would estimate that it happened, at the absolute minimum, once or twice per pay period."  (*See* Alvarado Decl., ¶ 23.)  Plaintiff also states in her declaration that when she answered the question of the longest period of time at security and when she testified that the whole checking process "took a 'couple of minutes,' [that] in no way meant that 2 minutes was the maximum amount of time [she] spent in security lines."  Rather, she now estimates that she "sometimes spend upwards of ten minutes in line waiting to get to the security check point when attempting to leave the warehouse during business hours."  (*See id*. at ¶¶ 25-26.)  Because the Court finds the declaration contradicts her former sworn testimony, the Court will not consider the contrary declaration

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    Based on the admissible evidence in the record, the Court does not find that the amount

2    of time alleged is more than *de minimus*.

3              **2.    Administrative Difficulty of Recording Time.**

4    The second factor considered by the *Lindow* court was the administrative difficulty in

5    recording the alleged overtime work.  738 F.2d at 1062.  Plaintiff suggests that merely by

6    repositioning the time clock close by the exit door, Costco could more accurately measure the

7    amount of time its employees were on the job.  However, there is testimony in the record

8    indicating that repositioning the clock would cause administrative difficulties as employees

9    could (and often do) participate in noncompensable activities after the end of their shift but

10   before leaving the warehouse, such as shopping, attending the restroom, socializing, walking

11   time and other personal activities.  (*See* Supplemental Declaration of David D. Kadue, Ex. D;

12   Alan Yamada Deposition at 2:23-3:4, 48:12-15; True Deposition at 5:11-15; True Decl. at ¶

13   13.)  Because the record indicates that the negligible amount of time would be difficult to

14   record, the Court finds this factor weighs in favor of finding Plaintiff's claims are *de minimus*.

15              **3.    Aggregate Time.**

16   To support her claims that the aggregate uncompensated time is significant, Plaintiff

17   relies upon her own declaration and the estimate of her expert witness.  The Court has already

18   held that both are inadmissible.  Additionally, the court in *Lindow* indicated that, although the

19   aggregate claim over an extended period may be substantial, a claim may still be considered *de*

20   *minimus* "because of the administrative difficulty of recording the time and the irregularity of

21   the additional pre-shift work."  738 F.2d at 1063.

22

23

24
_____

25   statement.  *See Kennedy*, 952 F.2d at 266-67.  Even if the declaration were considered, the
     Court finds the ten minutes claimed to be *de minimus*.  *See Lindow*, 738 F.2d at 1062.  In
26   addition, the Court does not require the testimony of an expert to adjudicate the average (or
     maximum) time Plaintiff or her fellow employees waited to exit the warehouse.  This is not
27   an area requiring expertise, but rather is appropriately within a layperson's actual experience.
     *See* Fed. R. Evid. 702 (expert testimony involved "scientific, technical, or other specialized
28   knowledge.)  Therefore, the Court does not consider the proposed expert testimony of by Dr.
     Ralph Haber on this issue.

### 4.     Regularity.

There is no dispute that the security checks were a regular occurrence, as they are part of Costco's written policies for members and employees.  However, there is no competent evidence that the after-hours exits, sometimes made longer by virtue of the absence of a key-carrying manager, were a regular occurrence.  *See infra* at § C.1.

Overall, under the analysis set out in *Lindow*, this Court finds that the amount of time, aggregate uncompensated time and the administrative difficulties in recording the small amounts of time spent in compliance with Costco's security measures, renders Plaintiff's claims *de minimus*.  The Court finds that the same standard applies to the time spent exiting the warehouse after completion of the work-shift, for rest breaks, or for meal times.  Therefore, all of Plaintiff's claims based upon failure to compensate are dismissed.

### D.     Costco is Entitled to Summary Judgment on Penalties Claims and Section 17200 Claims.

Plaintiff makes a claim for recovery for insufficient wage statements based upon her contention that the wages earned for time spent submitting to the security process were not reflected in her wage statements.  Because the Court finds there is no dispute of fact regarding the compensability of the time, there is no dispute about the propriety of the statements.  As these claims are derivative, they are dismissed.

Similarly, the Court finds that there is no basis for a finding of liability under California Business and Professions Code § 17200.  *See Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 938-39 (2003) ("A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.").  Although Costco did not explicitly move for summary judgment on Plaintiff's third cause of action, the Court advised the parties that it was its intention to grant summary judgment as to this claim and allowed the parties to respond.  *See also Portsmouth Square, Inc. v. Shareholders Protective Committee*, 770 F.2d 866, 869 (9th Cir. 1985) (holding that, in limited circumstances, the Court may issue summary judgment on its own motion).

7

1

**CONCLUSION**

2       For the foregoing reasons, the Court GRANTS Defendant Costco's motion for summary

3   judgment in its entirety.  A separate judgment shall be entered against Plaintiff and in favor of

4   Defendant.

5

6       **IT IS SO ORDERED.**

7   Dated:   June 18, 2008                          _____

8                                                   JEFFREY S. WHITE
                                                    UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8